COMMONWEALTH vs. DARRELL JONES.

Plymouth. March 5, 1990. - April 4, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Identification. Evidence*, Identification, Testimony of third party respecting identification, Impeachment of credibility. *Practice, Criminal*, Capital case.

At a murder trial in which the principal contested question was whether the defendant was the man who shot the victim and in which no witness made an in-court identification of the defendant, the evidence presented a question of identification that was properly for the jury to decide. [169]

At a murder trial in which testimony of a police officer was admitted without objection, accompanied by limiting instructions, solely to impeach two prosecution witnesses who had denied having made pretrial photographic identifications of the defendant, there appeared no impropriety in the identification procedures nor any basis for a claim that the admission of this impeaching evidence was prejudicial to the defendant. [169-170]

INDICTMENT found and returned in the Superior Court Department on December 10, 1985.

The case was tried before *Chris Byron*, J.

*Elizabeth D. Shackford* for the defendant.

*Mary O'Sullivan Smith*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was convicted of murder in the first degree arising out of the November, 1985, shooting of Guillermo Rodrigues in a parking lot on Montello Street in Brockton. There were several eyewitnesses to the shooting. At the trial, however, no witness made an in-court identification of the defendant. The defendant argues that the evidence identifying him as the man who shot the victim was so

tenuous that it was insufficient to support the verdict.[1] The defendant also argues that testimony of pretrial photographic identifications of him admitted to impeach two prosecution witnesses was improperly admitted because the evidence was so inflammatory as to outweigh its impeachment value. We affirm the conviction.

1. The principal contested question in this case was whether the defendant was the man who shot the victim. There was evidence that certain eyewitnesses knew the defendant and, although there was a conflict as to who in one group of eyewitnesses made the remark, there was evidence that, contemporaneously with the shooting, the defendant's name or his nickname was spoken in reference either to the man holding the gun or to the man who shot the victim. One witness, whose interview was recorded on videotape and played to the jury, made a pretrial photographic identification of the defendant and at trial testified that she had done so. Another witness testified that she had identified a picture of the defendant as the man who looked almost exactly like the man she saw at the scene of the shooting. Neither witness made an in-court identification. There was testimony from a witness who knew the defendant corroborating other testimony concerning the defendant's conduct shortly before the shooting. The evidence, not all of which we have summarized, presented a question of identification that was properly for the jury to decide.

2. For impeachment purposes only, and accompanied by limiting instructions, testimony of a police officer was admitted to impeach two prosecution witnesses who had denied having made pretrial photographic identifications of the defendant. The defendant did not object at trial to the the admission of this evidence, provided that it was limited to impeachment. Impeachment evidence is admissible in the circumstances. See *Commonwealth* v. *Daye*, 393 Mass. 55,

---

[1] The defendant did not move for a required finding of not guilty. He argues here, under G. L. c. 278, § 33E (1988 ed.), that he should have a new trial, not a dismissal of the indictment.

61 (1984); *Commonwealth* v. *Swenson*, 368 Mass. 268, 272-273 & n.3 (1975). We see nothing improper in the identification procedures and no basis for the claim that the admission of this impeaching evidence, accompanied by limting instructions, was inflammatory.

3. There is no basis for relief under G. L. c. 278, § 33E.

*Judgment affirmed.*